1 David J. Kaminski (SBN: 128509)
   kaminskid@cmtlaw.com
2 Keith A. Yeomans (SBN: 245600)
   yeomansk@cmtlaw.com
3 **CARLSON & MESSER LLP**
   5959 W. Century Boulevard, Suite 1214
4 Los Angeles, California 90045
   (310) 242-2200 Telephone
5 (310) 242-2222 Facsimile

6 Attorneys for Defendant
   Client Services, Inc.

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET NIKOGOSIAN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CLIENT SERVICES, INC., a Missouri corporation;<br><br>Defendant. | **Case no. 2:12-cv-00467-SJO-JC**<br><br>**DEFENDANT'S RULE 26(f) REPORT**<br><br>Judge: Hon. S. James Otero<br>Date:  August 27, 2012<br>Time:  8:30 a.m.<br>Room:  1<br><br>Complaint filed: January 23, 2012 |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Defendant Client Services, Inc. hereby unilaterally submits this Rule 26(f) Report.

### PRELIMINARY STATEMENT

On June 13, 2012, this Court issued an order setting a scheduling conference for August 13, 2012 at 3:30 pm. The parties are required hold the Rule 26(f) Conference at least 21 days prior to the scheduling conference. In an effort to comply with its obligations, Defendant has made several unsuccessful attempts to contact Plaintiff Janet Nikogosian.

1

DEFENDANT'S RULE 26(F) REPORT
2:12-cv-00467-SJO-JC

07002.00/186133-1.wpd

On March 14, 2012, Defendant wrote to Plaintiff. No response was received.

On June 11, 2012, Defendant phoned Plaintiff's attorney, Arshak Bartoumian,[1] and left a message reminding Mr. Bartoumian of the parties' FRCP 26(f) obligations. Mr. Bartoumian did not return the call.

On June 18, 2012, Defendant phoned Plaintiff's attorney and left a message reminding Mr. Bartoumian of the parties' FRCP 26(f) obligations. Mr. Bartoumian did not return the call.

On June 25, 2012, Defendant wrote to Plaintiff, reminding her of the parties' obligations pursuant to FRCP 26(f). No response was received from Plaintiff.

On July 30, 2012, Defendant wrote to Plaintiff, reminding her of the parties' obligations pursuant to FRCP 26(f). No response was received from Plaintiff.

On August 6, 2012, Defendant wrote Plaintiff attorney and set forth Defendant's positions with respect to the issues set forth in FRCP 26(f) and C.D. Cal. Local Rule 26-1. No response was received.

In light of Plaintiff's failure to participate in the FRCP 26(f) Conference or the preparation of this report, Defendant unilaterally submits the following.

## **DEFENDANTS' RULE 26(f) REPORT**

**1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

No changes are necessary in the form or requirement for initial disclosures under Rule 26(a). Defendant intends to serve initial disclosures as required by FRCP 26(a)(1)(C).

\\\

\\\

---

[1] Although Mr. Bartoumian has not appeared in this suit, he has represented himself as Plaintiff's attorney in correspondence with Defense counsel.

07002.00/186133-1.wpd

**2.  Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery should be limited to the claims and defenses set forth in the pleadings, including the alleged debts owed by Plaintiff that Defendant sought to collect, Defendant's account records for Plaintiff, Defendant's alleged review of Plaintiff's credit report, and Plaintiff's written or oral disputes allegedly submitted to Defendant and Defendant's responses thereto.

It is not necessary to conduct discovery in phases.

**3.  Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

There are no known issues concerning the discovery of electronically stored information.

**4.  Issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order.**

There are no known issues at this time although Defendant reserves its right to object to the discovery of any such materials to the extent such information is private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation, including but not limited to attorney-client privilege and attorney work product privilege.

**5.  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

There is no need to change any of the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rules although Defendant reserves its right to seek such relief from the Court as may become helpful, reasonable, or

1 necessary to these proceedings.

2 **6. Other orders that the court should issue under Rule 26(c) or under Rule**
3 **16(b) and (c).**

4 Defendant proposes that the Court issue an order in accordance with the dates
5 and deadlines set forth in the attached Schedule of Pretrial Dates.

6 **7. The complexity of the case, and whether all or part of the procedures of**
7 **the Manual For Complex Litigation (current edition) should be utilized.**
8 **Counsel may propose to the Court modifications of the procedures in the**
9 **Manual to facilitate the management of a particular action.**

10 This case is not complex and the Manual for Complex Litigation is
11 unnecessary for the resolution of the case nor are any modified procedures
12 necessary at this time.

13 **8. The dispositive or partially dispositive motions which are likely to be**
14 **made, and a cutoff date by which all such motions shall be made.**

15 If Plaintiff fails to dismiss this Action, Defendant may file a motion for
16 judgment on the pleadings, or if necessary, a motion for summary judgment. All
17 motions will be filed in accordance with the motion cutoff date set forth above.

18 **9. ADR Selection.**

19 Defendant selects Settlement Procedure no. 2.

20 **10. Trial Estimate.**

21 1-2 day jury trial.

22 **11. Additional Parties.**

23 Defendant does not anticipate the appearance of additional parties.

24 **12. The proposed timing of disclosures under F.R.Civ.P. 26(a)(2).**

25 Expert disclosures will be served in accordance with the cutoff date set forth
26 above.

27 **13. Theory of the Case.**

28 Plaintiff has not participated in the preparation of this Report. Based upon

CARLSON & MESSER LLP  
5959 W. CENTURY BOULEVARD, SUITE 1214  
LOS ANGELES, CALIFORNIA 90045

07002.00/186133-1.wpd

Defendant's review of Plaintiff's Complaint, it appears that Plaintiff alleges that Defendant separately pulled Plaintiff's credit report from one of the credit reporting agencies without Plaintiff's knowledge or consent and without a permissible purpose. Plaintiff also alleges that Plaintiff sent separate letters to Defendant requesting its permissible purpose for pulling Plaintiff's credit reports, and Defendant failed to respond to the requests and did not request deletion of the credit inquiries from the credit reporting agencies. Plaintiff's Complaint also includes several legal conclusions couched as factual allegations.

The disputed points of law include: (1) whether Defendant credit reviews and collection activity, if any, complied with the standards of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §1788 et seq., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785.2 et seq.; (2) whether Defendant is a "debt collector," the debt at issue is a "consumer debt," or Plaintiff is a "consumer" under the applicable statutes; and (3) whether the acts alleged constitute violations of the FDCPA, RFDCPA, FRCA or CCRAA, or state law claims for defamation, libel or invasion of privacy.

Defendant maintains that its collection activities did not, as a matter of law, violate the FDCPA, RFDCPA, FRCA or CCRAA, or amount to defamation, libel or invasion of privacy. Defendant further maintains that it had a permissible purpose to review Plaintiff's credit report under the FCRA.

**14.   Settlement Potential**

To date, Plaintiff has not made any settlement demand. If plaintiff makes a demand, Defendant commits to consider it in good faith.

\\\
\\\
\\\

| | | |
|---|---|---|
| 1 | Dated August 8, 2012 | CARLSON & MESSER, LLP |
| 2 | | |
| 3 | | /s/ Keith A. Yeomans |
| | | David J. Kaminski |
| 4 | | Keith A. Yeomans |
| 5 | | Attorneys for Defendant |
| | | Client Services, Inc. |

CV 12-00467 SJO (JCx)
Janet Nikogosian v. Client Services Inc

## DISTRICT JUDGE S. JAMES OTERO

### SCHEDULE OF PRETRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: 1-2 Days | 9:00 a.m. | | | 3/25/13 | |
| Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief | 9:00 a.m. | 8 days before trial | | 3/15/13 | |
| Last Day for Hearing Motions | | 45 days before trial | | 2/8/13 | |
| Discovery Cut-Off | | 90 days before trial | | 12/21/13 | |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:   (1) CT/USMJ   **(2) Atty**   (3) Outside ADR   (4) Trial Court

| Matter | | | | | |
|---|---|---|---|---|---|
| Last Day to Conduct Settlement Conference | | 3 weeks prior to pretrial conference | | | |
| Last Day to Amend Pleadings or Add Parties | | within 30 days from scheduling conference | | | |

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Los Angeles, California 90045.

On **August 8, 2012,** I served the foregoing document described as: **DEFENDANT'S RULE 26(f) REPORT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **(BY MAIL)**
I sealed such envelope(s) and placed it (them) for collection and mailing on this dates following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ] **VIA NEXT DAY FEDERAL EXPRESS**
I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business morning.

[ ] **PERSONAL SERVICE BY HAND-** I personally served document to address stated on POS Service List.

[ ] **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[ ] **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **8th** day of **August, 2012** at Los Angeles, California.

*Linda Brooks*
Linda Brooks

**SERVICE LIST**
**Janet Nikogosian v. Client Services, Inc.**
07002.00

Janet Nikogosian                                    **Plaintiff Pro Se**
1146 N. Central Ave., Unit 443
Glendale, California 91202